871 A.2d 182

IN THE MATTER OF ASHLEY C. MENG.

Superior Court of New Jersey
Chancery Division Family Part
Middlesex County (Civil)

September 24, 2004.

*Douglas J. Moditz*, legal guardian for Ashley C. Meng, pro se.

*Mattleman, Weinroth & Miller,* attorneys for Richard W. Metricarti's adoptive parents (*Louis G. Guzzo,* on the brief).

BERMAN, J.S.C.

The question *sub judice* is whether this court has jurisdiction over a Pennsylvania child because that child's half-sister lives in New Jersey. The issue arises in the following factual setting.

Ashley C. Meng (hereinafter referred to as "Ashley") and Richard W. Metricarti (hereinafter referred to as "Richard") are half-siblings; they share the same mother. Ashley, age nine, lives with her biological father here (Middlesex County), and she has lived in this state for the past four years. Prior to living in New Jersey, she was in foster care in Pennsylvania. Richard, age seven, lives with his adoptive parents in Delaware County, Pennsylvania. Ashley's father, on her behalf, has requested that this court order visitation between Ashley and Richard. Richard's adoptive parents object on jurisdictional grounds.

The Uniform Child Custody Jurisdiction Act ("UCCJA") has been adopted in both New Jersey and Pennsylvania in order to avoid jurisdictional conflict concerning custody and visitation rights. *N.J.S.A.* 2A:34–28 to 52; 23 *Pa.C.S.A.* §§ 5341–66. The UCCJA was also enacted to:

> Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this State decline the exercise of jurisdiction when the child and his family have a closer connection with another state.
>
> [*N.J.S.A.* 2A:34–29(c). *See Ivaldi v. Ivaldi,* 147 *N.J.* 190, 198, 685 *A.*2d 1319, 1323 (1996); *Hendry v. Hendry,* 339 *N.J.Super.* 326, 332, 771 *A.*2d 701, 704–05 (App.Div. 2001).]

The UCCJA states that "[t]he Superior Court of New Jersey has jurisdiction to make a child custody determination ... if (1) [t]his State (i) is the home state of the child at the time of commencement of this proceeding, or (ii) had been the child's home state within 6 months before commencement of the proceed-

ing . . ." *N.J.S.A.* 2A:34–31(a); *Hendry, supra,* 339 *N.J.Super.,* at 332, 771 *A.*2d at 704. To qualify as the "home state" the child must reside in that state for "6 consecutive months" prior to the suit. *N.J.S.A.* 2A:34–30(e); *Hendry, supra,* 339 *N.J.Super.* at 332, 771 *A.*2d at 704.

■ Here, however, there are two children involved from different states. There is no dispute that Ashley's home state is New Jersey, as she has lived here continuously for the past four years. Richard has always lived in Pennsylvania, and therefore his home state is Pennsylvania.

■ "Home state" analysis does not end the jurisdictional question. The UCCJA and New Jersey law do not require "blind obedience" to home state jurisdiction. *Bless v. Bless,* 318 *N.J.Super.* 90, 102, 723 *A.*2d 67, 73 (App.Div.1998) (citing *E.E.B. v. D.A.,* 89 *N.J.* 595, 610, 446 *A.*2d 871, 879 (1982)). In *E.E.B.,* the court found that "[t]he state to decide a child custody dispute is not necessarily the home state, but the one best positioned to make the decision based on the best interest of the child." *E.E.B., supra,* 89 *N.J.* at 610, 446 *A.*2d at 879. In *Bless,* the court states "the 'significant connection' test of jurisdiction, may be resorted to even if another forum prevails under the home state analysis." *Bless, supra,* 318 *N.J.Super.* at 102, 723 *A.*2d at 73. As stated in the statute, the court must consider whether:

> It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships.
>
> [*N.J.S.A.* 2A:34–31(a)(2).]

Analyzing the "significant connection" test in this case, the only nexus that Richard has with New Jersey is that his half-sister lives here. This "connection" cannot be considered "significant" in light of the following: (1) Richard has lived his entire life in Pennsylvania; (2) Richard's adoptive parents live and work in Pennsylvania; (3) Ashley lived the first five years of her life in Pennsylvania; (4) Pennsylvania Children and Youth Services has

overseen matters for both Richard and Ashley; and (5) the Court of Common Pleas of Delaware County, Pennsylvania has adjudicated matters for both Richard and Ashley. Given these circumstances, only one conclusion is inexorable: this court lacks jurisdiction.[1] *See N.J.S.A.* 2A:34–31(a)(2).

Accordingly, this Court is constrained to dismiss the application filed on behalf of Ashley.

---

[1] On September 14, 2004, Governor James E. McGreevey signed S–150 into law as P.L. 2004, c. 147. The law states that it takes effect ninety days after enactment, which would be December 13, 2004. This law enacts the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), replacing the UCCJA discussed in this opinion. This court perceives no different result being reached under the UCCJEA. Under the UCCJEA, New Jersey would only possess jurisdiction over Richard if this were his home state, and it is not; or if Pennsylvania declined to exercise jurisdiction on the grounds that New Jersey is the more appropriate forum, because he and at least one parent live here and substantial evidence is available here relative to his "care, protection, training, and personal relationships." Pennsylvania has not declined to exercise jurisdiction, nor would it be likely to in view of the fact that Richard and both his parents reside there. Other than the forgoing, New Jersey could not assume jurisdiction unless all other courts having jurisdiction have declined it, or if no state would have jurisdiction. *See N.J.S.A.* 2A:34–65(a).